IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 1 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

James J. KAUFMAN #351960
N6500 Haipek Road
P.O. Box 233
Black River Falls, WI 54615-0233
(715) 284-4550,

        Plaintiff,

-vs-

Alberto R. Gonzalez, Attorney General
U.S. Dept. of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530; and

Michael Chertoff, Secretary
U.S. Dept. of Homeland Security
111 Massachusetts Avenue, NW
Washington, DC 20529; and

Condoleezza Rice, Secretary
U.S. Dept. of State
2201 C Street, NW
Washington, DC 20520;

and their employees, agents, and
representatives;

        Defendant(s).

CASE NUMBER 1:05CV01631

JUDGE: Richard W. Roberts

DECK TYPE: Pro se General Civil

DATE STAMP: 08/12/2005

• JURY TRIAL DEMANDED •

## COMPLAINT

1.   This is a civil action, filed by a state prisoner, seeking declaratory relief, injunctive relief, and monetary damages.

2.   Kaufman appears under less stringent standards of pro se pleading, pursuant to U.S. v. Sanchez, 88 F.3d 1243 (C.A.D.C. 1996); Harley v. Dalton, 896 F.Supp.2d 29 (D.D.C. 1995); Childers v. Slater, 197 F.R.D. 185 (D.D.C. 2000).

RECEIVED

AUG - 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

3. This civil action alleges violates of Kaufman's rights to free speech, equal protection, substantive due process, and procedural due process. This civil action further alleges violations of the Cruel and Unusual Punishment Clause, the Privileges and Immunities Clause, the Supremacy Clause, the International Commerce Clause; and United States Constitution, Article I § 8. This civil action further alleges a intent to deny equal protection, and a conspiracy to harm a citizen for attempting to enfroce the right to equal protection.

4. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1343 (civil rights); 28 U.S.C. § 1346 (United States as defendant); and 28 U.S.C. § 1361 (action to compel U.S. officer to perform a duty owed). Venue is appropriate under the relevant federal statutes.

5. This court should take judicial notice of the following laws, statutes, and acts: the Immigration and Nationality Act, at 8 U.S.C. §1481(a)(6); the Congressional Act of July 27, 1868; and the United Nations' Universal Declaration of Human Rights, specifically Article 13(2) and Article 15(2).

6. There are no administrative or non-judicial remedies available regarding the claims presented in this action.

7. Plaintiff, James J. Kaufman, pro se, is a citizen of the United States by virtue of birth in the United States. Kaufman seeks to renounce his citizenship under 8 U.S.C. § 1481(a)(6).

8. Defendant, Alberto R. Gonzalez, is the Attorney General of the United States. Gonzalez has jurisdiction over renunciation of United States citizenship, pursuant to 8 U.S.C. §1481(a)(6).

9. Defendant, Michael Chertoff, of the Secretary of the Department of Homeland Security; and is the administrator in charge of the United States Citizenship and Immigration Services bureau.

10. Defendant, Condoleezza Rice, is the Secretary of the Department of State, and has jurisdiction over renunciation of United States citizenship.

11. Defendants Gonzalez, Chertoff, and Rice, are each sued in both their individual and official capacities.

### BACKGROUND FACTS:

12. Section 349(a)(6) of the Immigration and Nationality Act, set forth at 8 U.S.C. §1481(a)(6), states that a national of the United States shall lose his citizensihp by voluntarily, with the intention of relinquishing United States citizenship, "making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense."

13. Black's Law Dictionary, Seventh edition, defines "war" as "hostile conflict by means of armed forces, carried on between nations, states, or rulers, or sometimes between parties within the same nation or state." Black's further defines "mixed war" as "a war between a nation and private individuals."

14. Webster's Collegiate Dictionary defines "war" as "open armed conflict between nations; any active hostility or struggle." Webster's further defines "at war" as "in a state of active armed conflict."

15. The armed forces of the United States [a.k.a. the U.S. military] are currently in a state of hostile, armed conflict with the nation of Iraq and/or with individual nationals of Iraq, with additional armed conflicts in other regions of the world.

16.   In <u>United States ex rel. Wrona v. Karnuth</u>, 14 F.Supp. 770 (D.C. N.Y. 1936), the court stated: "The right of expatriation is generally recognized through the civilized world. It is recognized in this country by statute." The <u>Wrona</u> court went on to state: "The law states that this is a natural right."

17.   The United States Congress, in the Act of July 27, 1868, stated: "... the right of expatriation is a natural and inherent right of all people, indispensable to the enjoyment of the rights of life, liberty, and the pursuit of happiness." The federal Congress went on to state: "... any declaration, instruction, opinion, order, or decision of any officers of this government which denies, restricts, impairs, or questions the right of expatriation, is hereby declared inconsistent with the fundamental principles of this government."

18.   The United Nations' <u>Universal Declaration of Human Rights</u> sets forth, at Article 13(2), that "Everyone has the right to leave any country, including his own."

19.   The United Nations' <u>Universal Declaration of Human Rights</u> sets forth, at Article 15(2), that "No one shall be arbitrarily deprived of his nationality <u>nor denied the right to change his nationality</u>."

**FACTS:**

20.   On July 25, 2004, I sent a letter to Attorney General John Ashcroft, requesting to be allowed to renounce my United States citizenship pursuant to 8 U.S.C. § 1481(a)(6). I did not receive a response to this letter.

21.   On July 25, 2004, I sent a letter to the United States Attorney, in Madison, Wisconsin, requesting to be allowed to renounce my citizenship under 8 U.S.C. § 1481(a)(6).

[04]

22. On August 20, 2004, Assistant U.S. Attorney John W. Vaudreuil responded to my letter [¶21 above] by referring me to the Bureau of Immigrations and Customs Enforcement office in Milwaukee, Wisconsin.

23. On August 25, 2005, I sent a letter to the Bureau of Immigrations and Customs Enforcement, pursuant to Mr. Vaudreuil's instructions, requesting to be allowed to renounce my citizenship under 8 U.S.C. § 1481(a)(6). I never received a response from this office.

24. On October 12, 2004, USCIS Specialist Fairy D. White sent me a letter [apparently in response to my letter to the Bureau of Immigrations and Customs Enforcement], referring me to the U.S. Department of State. White stated "the act of renouncing United States citizenship falls under the jurisdiction of the Department of State."

25. In response to White's letter [¶24 above], I sent her a letter informing her of her mistake, that the Department of State does not have jurisdiction under 8 U.S.C. § 1481(a)(6), and again requested to be allowed to renounce my citizenship under 8 U.S.C. § 1481(a)(6).

26. On November 26, 2004, USCIS Specialists Fairy D. White and Phyllis V. Bell responded to my letter [¶25 above] by again referring me to the Department of State; their letter further alleged that it was clear I intended "to remain in the United States," though I made no such statement.

27. On January 3, 2005, I sent a letter to the Department of State, pursuant to the instructions given to me by White and Bell, and again requested to be allowed to renounce my citizenship pursuant to 8 U.S.C. §1481(a)(6). I explained my prior communications with the Departments of Justice and Homeland Security. I also sent substantially similar letters to Fairy D. White, and to Senator Herb Kohl. I received no responses to any of these letters.

28. On March 16, 2005, I sent a letter to Attorney General Alberto R. Gonzalez, requesting information regarding expatriation and renunciation of citizenship pursuant to 8 U.S.C. § 1481(a)(6). I also informed Gonzalez that I would file a civil action in this court if I did not receive a response. I also sent a substantially similar letter to Fairy D. White. I never received a response to the letter addressed to Gonzalez.

29. On April 28, 2005, Phyllis V. Bell responded to my letter previously addressed to White [¶28 above]. Bell's letter only quoted the text of 8 U.S.C. § 1481(a).

30. On April 26, 2005, I sent a Freedom of Information Act request to the Department of Justice, requesting "Any and all forms, procedures, information and other data available regarding renunciation of citizenship under 8 U.S.C. § 1481(a)(6) (under Attorney General's jurisdiction)."

31. On April 20, 2005, I sent a certified mail letter to Attorney General Gonzalez, requesting immediate renunciation of my United States citizenship under 8 U.S.C. § 1481(a)(6). (Certified mail return receipt number 7004-0750-0003-3401-0433.) I paid the fee for Restricted Delivery of this letter.

32. The certified mail letter was delivered to the Department of Justice on May 6, 2005. Despite my paying the fee for restricted delivery, the delivery was signed for by someone named "Ernest L. Parker." [The last name on the stamped signature is not legible, but appears to be "Parker".]

33. On May 11, 2005, I sent a letter to Phyllis V. Bell, regarding her letter to me dated April 28, 2005. I again addressed the issue of renunciation of citizenship under 8 U.S.C. § 1481(a)(6), and specifically informed her that the Department of State "does not have jurisdiction" over renunciation under 8 U.S.C. § 1481(a)(6).

34. On May 26, 2005, Melanie Ann Pustay, of the Department of Justice Freedom of Information Act office, responded to my FOIA request dated April 26, 2005. Pustay responded to my request by stating "neither this Office nor the Office of the Attorney General handles citizenship matters."

35. On May 26, 2005, Janice M. Jackson responded to my letter to Phyllis V. Bell [¶33 above], by quoting the text of 8 U.S.C. § 1481(a), and stating "the United States Department of State most certainly does not purview over matters regarding expatriation." Jackson also claimed that my letter indicated I "intend to remain here," though I made no such statement. Jackson then referred me to the Department of State.

36. On June 2, 2005, I sent a letter to Melanie Ann Pustay, in response to her communication [¶34 above]. I attempted to correct her error regarding jurisdiction, because the statute, 8 U.S.C. § 1481(a)(6), clearly states that the Attorney General, and not the Department of State, has jurisdiction. I sent a substantially similar letter to the Department of Justice FOIA Director.

37. On June 15, 2005, I sent a letter to Janice M. Jackson, responding to her letter [¶35 above], attempting to correct her errors regarding jurisdiction, and regarding my intentions. I did not receive a response to this letter.

38. For the record, I have no intention of remaining in the United States, in any capacity [as citizen, tourist, or alien]. The above individuals are in error in stating that I intend to remain in the United States.

39. Once I submitted my written requests to the Office of the Attorney General, to be permitted to renounce my citizenship under 8 U.S.C. § 1481(a)(6), the Attorney General had a duty to initiate the proper procedures under that statute.

40.  For the record, I am making the following statement:

> That I, James Jonathan Kaufman, a national of the United States, solemnly affirm that I was born at the city of Black River Falls, County of Jackson, State of Wisconsin, on the 13th day of December, 1973;
>
> That I am a national of the United States by virtue of my birth in the United States;
>
> That I desire to make a formal renunciation of my American nationality, as provided by the INA, 8 U.S.C. § 1481(a)(6), and pursuant thereto I hereby absolutely and entirely, without mental reservation, coercion, or duress, renounce my United States nationality, together with all rights and privileges and all duties of allegiance and fidelity thereunto pertaining.

I hereby request the following relief from this Court:

A.  A declaration that the Attorney General of the United States has jurisdiction over renunciation of United States citizenship, pursuant to 8 U.S.C. § 1481(a)(6);

B.  That, upon receipt of my written request for renunciation under 8 U.S.C. § 1481(a)(6), the defendants had a duty and responsibility to provide me with all requested information under that statute, and to assist me in any manner necessary to fulfill my requests for renunciation under that statute;

C.  That I have a fundamental and inherent right to renounce my United States citizenship;

D.  That, because the United States is currently involved in at least one war, that the terms of 8 U.S.C. § 1481(a)(6) are in full force and effect;

E.  That the defendants failed to comply with the terms of 8 U.S.C. § 1481(a)(6);

I further hereby request the following relief from this Court:

F.  A declaration that I have formally and voluntarily renounced my United States citizenship, in accordance with ¶40 above;

G.  That the defendants must recognize this renunciation as valid and legal and binding;

H.  That I am hereby and forevermore no longer a citizen of the United States of America, but instead am an alien in the territory thereof;

I further hereby request the following relief from this Court:

I.  That the defendants in this action, jointly and severally, are to pay the costs involved in this action, including but not limited to service fees, filing fees, photocopy costs, and postage;

J.  That defendant Gonzalez is to pay the amount of $1,500.00 for his negligence and non-compliance with the federal statutes quoted herein;

I further hereby request any other such relief as I may be entitled.


Dated this 25th day of July, 2005.


Respectfully submitted,

James J. Kaufman, pro se