IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES J. KAUFMAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1631 (RWR) |
| ) | |
| ALBERTO R. GONZALEZ, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MOTION TO STAY DISCOVERY UNTIL THE COURT HAS RULED ON DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

In accordance with Federal Rule of Civil Procedure 6(b)(1), defendants, by and through undersigned counsel, respectfully request that the Court stay discovery until the Court rules on defendants' dispositive motion due on February 2, 2006. See PACER DKT. On or about December 20, 2005, *pro se* plaintiff sent admissions, interrogatories and requests for production to the defendants. However, in an effort to promote judicial efficiency, defendants seek this stay because the case may be resolved through motion. Plaintiff brought this declaratory judgment action to order the Attorney General to permit Plaintiff to renounce his citizenship under the Immigration and Nationality Act, 8 U.S.C. § 1481(a)(6). Defendants will move for dismissal under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*, and Fed. R. Civ. P.12(b)(1), lack of subject matter jurisdiction, and 12(b)(2), lack of personal jurisdiction. Because plaintiff is incarcerated, and is proceeding *pro se*, Local Rule 7(m) does not apply to this motion, and

Defendants therefore have not obtained his position as to the relief requested.

**ARGUMENT**

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution. See Fed. R. Civ. P. 26(c); see, e.g., Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Gallella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973). Such an order may provide, inter alia, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party. Fed. R. Civ. P. 26(c)(1)-(3). Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); accord Laborers Int'l Union of North America v. Department of Justice, 772 F.2d 919, 921 (D.C. Cir. 1984).

It is entirely appropriate for a Court to stay discovery where there is a dispositive motion pending because it is logical that when

> the determination of a preliminary question may dispose [of the claims against a party], applications for discovery may properly be deferred until the determination of such questions.

O'Brien v. Arco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969); see also Founding Church of Scientology v. United States Marshals Service, 516 F. Supp. 151, 156 (D.D.C. 1980); Equal Employment Opportunity Comm'n v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal.1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction). Further, where, as here, one or more issues may be dispositive of a

case, it is proper to stay discovery on other issues until the dispositive issue or issues have been decided.  See, e.g., Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in staying discovery until motion for change of venue was resolved); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 246 (2d Cir. 1986) (courts should determine jurisdiction before conducting discovery); Thompson v. F.W. Woolworth Co., 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction resolved).

    WHEREFORE, it is respectfully requested that the Court stay discovery until the Court rules on defendants' dispositive motion filed January 17, 2006.

Dated: January 17, 2006

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____

       HEATHER D. GRAHAM-OLIVER
       Assistant United States Attorney
       Judiciary Center Building
       555 4th St., N.W.
       Washington, D.C.  20530
       (202) 305-1334

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of Motion to Stay Discovery and Memorandum of Points and Authorities In Support thereof was served upon counsel for plaintiff via U.S. Mail, first class, postage prepaid, addressed to:

**James J. Kaufman #351960**
**N6500 Haipek Road**
**P.O. Box 233**
**Black River Falls, WI 54615-0233**

on this __ day of January, 2006.

 

_____
HEATHER D. GRAHAM-OLIVER
Assistant U. S. Attorney
Judiciary Center Building
555 Fourth St., N.W., 10th Floor
Washington, D.C.  20530
(202) 305-1334