IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

James J. Kaufman,

          Plaintiff,

     -vs-                                    CASE NO. 05-CV-1631-RWR

Alberto R. Gonzalez,
Condoleezza Rice, and
Michael Chertoff,

          Defendants.

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS'
MOTION TO DISMISS

     Plaintiff, James J. Kaufman, pro se, hereby submits this supplement to his Response to Defendants' Motion to Dismiss, which was mailed to this court on February 9, 2006.  This supplement includes information which was just received on this date from the United States Department of Justice Office of Legal Counsel.

     Bette Farris, Paralegal Specialist with the Office of Legal Counsel, provided to Kaufman a document entitled "Survey of the Law of Expatriation." This was a printout from the Department of Justice website.  The address for the document, for this court's review, is:

          http://www.usdoj.gov/olc/expatriation.htm

     Page two of the printout provided by the Office of Legal Counsel states the following:

(1)

LEC 351960

"In 1868, Congress declared that 'the right of expatriation is a natural and inherent right of all people, indispensable to the enjoyment of the rights of life, liberty, and the pursuit of happiness.' Act of July 27, 1868, ch. 249, 15 Stat. 223, 223 (1868); see also 8 U.S.C. § 1481 note (2000) (quoting R.S. § 1999) (same). That declaration further stated that 'any declaration, instruction, opinion, order, or decision of any officers of this government which denies, restricts, impairs, or questions the right of expatriation, is hereby declared inconsistent with the fundamental principles of this government.' 15 Stat. at 224. Similarly, the Burlingame Treaty of 1868 between the United State and China recognized 'the inherent and inalienable right of man to change his home and allegiance, and also the mutual advantage of ... free migration and emigration ... for purposes of curiosity, of trade, or as permanent residents.' United States-China, July 28, 1868, art. 5, 16 Stat. 739, 740."

Further, the defendants' motion to dismiss is based upon their argument that the Attorney General has complete discretion in deciding whether or not to approve the form of Kaufman's renunciation; and that, because the Attorney General has not prescribed such a form, Kaufman may not use 8 U.S.C. § 1481(a)(6) to renounce his citizenship.

However, footnote number 9 of the printout provided by the Office of Legal Counsel states the following:

"Although there is currently no regulation for accepting a formal renunciation within the United States pursuant to this provision, **we believe that no such regulation is necessary**. The statute only states that the Attorney General shall prescribe a "form" for renunciation pursuant to 8 U.S.C. § 1481(a)(6). **We see no reason why such a form could not be produced at the time a U.S. citizen seeks renunciation pursuant to that provision.**"

Therefore, it appears that the Attorney General's own staff, in his Office of Legal Counsel, is of the opinion that Kaufman can, and in fact has, renounced his citizenship pursuant to the statute.

(2)

LEC 351960

Based upon the fact that the Attorney General's own staff appears to support Kaufman's arguments, Kaufman respectfully requests that this Court deny the defendants' motion to dismiss, and that this action proceed to a jury trial.

Dated this 17th day of February, 2006.


Respectfully submitted,

James J. Kaufman, pro se

(3)

LEG 351960

PROOF OF SERVICE


James J. Kaufman, plaintiff pro se, hereby states that copies of the following document:


1.    Plaintiff's Supplemental Response to Defendants' Motion
      to Dismiss


were mailed to the following parties:


1.    Heather Graham-Oliver, counsel for defendants
2.    Nancy Mayer-Whittington, Clerk of Courts


on the 16th day of February, 2006, by placing those documents into First Class mailing envelopes and placing those envelopes into the Jackson Correctional Institution mail system.


Dated this 16th day of February, 2006.


Respectfully submitted,

James J. Kaufman, pro se

LEC 351960