UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES J. KAUFMAN | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1631 (RWR) |
| | ) |
| ALBERTO R. GONZALEZ, et al. | ) |
| | ) |
| | ) |
|       Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff's opposition now makes clear that even though it is not in his complaint, he is relying on the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, and that he is not requesting damages. See Plaintiff's (Plt's) Opposition (Opp.), at p. 4. As a result, any and all Bivens[1] claims against the individual defendants in their individual capacities should be dismissed. The APA, 5 U.S.C. § 701 provides in pertinent part:

> (a) This chapter applies, according to the provisions thereof, <u>except to the extent that</u>–
>
> > (1) statutes preclude judicial review; or
> >
> > (2) agency action is committed to agency discretion by law.

5 U.S.C. § 701(a).

Consequently, if agency action is committed to agency discretion by law the APA does not apply.

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens allows constitutional claims against individual federal employees being sued in their individual capacities for monetary damages.

See Heckler v. Chaney, 470 U.S. 821 (1985).

In the instant case, Section 1481(a)(6) imposes no duty on the Attorney General to act. The statute merely provides that the applicant must make a formal renunciation "in such form as may be prescribed by . . .the Attorney General," thereby vesting discretion in the Attorney General, which has currently not been exercised, as to whether and when to set forth a procedure for renunciations of citizenship in the United States.  See  Koos v. Hom, 204 F. Supp. 2d 1099, 1108 (W.D.Tenn. 2002) (renunciation request denied under Section 1481(a)(6) because "the United States is not in a state of war and § 1481(a)(6) is presently inoperative. Thus, the Attorney General has not prescribed procedures for such renunciations.").[2]

Indeed,  the statute also contemplates that the Attorney General has the discretion to determine whether, even when all other elements have been met, a renunciation is or is not contrary to the interests of national defense. 8 U.S.C. § 1481(a)(6). The phrase "interests of national defense" is extremely broad.  Moreover, it is inherently enmeshed with policy judgments specific to the particular programs administered by the agency.  The phrase goes to the heart of the presumption against the courts becoming overly involved in foreign policy matters such as immigration. See, e.g., INS v.Aguirre-Aguirre, 526 U.S. 415, 424-25 (1999).

Further, the Attorney General has the discretion to determine whether he will prescribe a

---

[2]    The more commonly invoked statutory provision of expatriation is found at § 1481(a)(5), which requires a "formal renunciation of nationality before a diplomatic or consular officer of the United States in a foreign state, in such form as may be prescribed by the Secretary of State . . ." 8 U.S.C. § 1481 (a)(5) (emphasis added). The Secretary of State has implemented this provision by setting forth the manner and form of the renunciation in a regulation. See 8 C.F.R. § 50.50.  This method would be an option for Plaintiff once he is released from incarceration in Missouri. See Koos, 204 F.Supp.2d at 1108.

procedure by which such renunciations may be enacted, and, even when all other elements have been met, whether the renunciation is or is not contrary to the interests of national defense. Accordingly, for all of the reasons stated in defendants' motion to dismiss and because any action by the Attorney General pursuant 8 U.S.C. § 1481(a)(6) is discretionary and not subject to the APA, this case should be dismissed.

## CONCLUSION

For the reasons stated above, the defendants' Motion to Dismiss should be granted.

Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334

3

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the Motion for Leave and Defendants' Reply was served upon counsel for plaintiff via U.S. Mail, first class, postage prepaid, addressed to:

**James J. Kaufman #351960**
**N6500 Haipek Road**
**P.O. Box 233**
**Black River Falls, WI 54615-0233**

on this 10th day of April, 2006.

                                                 _____
                                                 HEATHER D. GRAHAM-OLIVER
                                                 Assistant U. S. Attorney
                                               Judiciary Center Building
                                               555 Fourth St., N.W., 10th Floor
                                             Washington, D.C.  20530
                                             (202) 305-1334