# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **JAMES J. KAUFMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  05-1631 (RWR)** |
| | ) | |
| **ALBERTO GONZALEZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

## <u>MEMORANDUM OPINION</u>

Plaintiff, proceeding *pro se*, brought this action alleging that the defendants violated his constitutional and statutory rights by refusing to allow him to renounce his United States citizenship pursuant to 8 U.S.C. § 1481(a)(6).  Plaintiff seeks a writ of mandamus compelling defendants to grant his request and declaratory relief.[1]  The named defendants are Alberto R. Gonzalez, Attorney General of the United States, Michael Chertoff, Secretary, Department of Homeland Security, and Condoleezza Rice, the Secretary of State.  The defendants have moved for dismissal.  Because the Attorney General's decision regarding an application to renounce citizenship is a discretionary one, and sovereign immunity precludes plaintiff's claim, defendants' motion will be granted.

## <u>BACKGROUND</u>

Plaintiff alleges that he is a United States national by virtue of his birth in this country.

---

[1] The complaint also seeks monetary relief, but the plaintiff has subsequently withdrawn his request for this remedy.  Plaintiff concedes that defendants are immune from liability for monetary relief under the sovereign immunity doctrine.  *See* Plaintiff's Response to Defendants' Motion to Dismiss, p. 4.

Complaint ("Compl."), ¶ 40.  According to the complaint, on July 25, 2004, plaintiff sent a letter

to the Attorney General requesting that he be allowed to renounce his citizenship.  The Attorney

General did not respond to the letter.  *Id.*, ¶ 20.  Plaintiff also sent the same letter to the United

States Attorney in Madison, Wisconsin.  *Id.*, ¶ 21.[2]  That office referred plaintiff to the Bureau of

Immigration and Customs Enforcement ("BICE") in Milwaukee, Wisconsin.  *Id.*, ¶ 22.

Plaintiff sent his citizenship renunciation request to the BICE. *Id.*, ¶ 23.  In response,

BICE informed him that the act of renouncing citizenship is a matter within the jurisdiction of

the Department of State.  *Id.*, ¶¶ 24, 26.  Plaintiff then sent his request to the State Department on

January 3, 2005, but did not receive a response.  *Id.*, ¶ 27.

Plaintiff sent letters to the Attorney General on March 16, 2005 and April 20, 2005,

requesting all information regarding expatriation and renunciation of citizenship.  *Id.*, ¶¶ 28, 31.

The Attorney General did not respond to plaintiff's letters.  *Id.*, ¶ 28.  Thereafter, plaintiff sent a

Freedom of Information Act ("FOIA") request to the Department of Justice ("DOJ").  Plaintiff

requested "[a]ny and all forms, procedures, information and other data available regarding

renunciation of citizenship under 8 U.S.C. § 1481(a)(6)(under Attorney General's jurisdiction.)"

*Id.,* ¶ 30.  The DOJ responded to the request by stating that the Department did not handle

citizenship matters.  *Id.*, ¶ 34.   Plaintiff then filed this action.

## DISCUSSION

Pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure,

defendants move to dismiss on the grounds of lack of subject matter jurisdiction and because

---

[2] Plaintiff is an inmate at the Jackson Correctional Institution in Black River Falls,
Wisconsin. *Id.*, p. 1.

plaintiff has failed to state a claim upon which relief can be granted.[3]  A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests.  *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040.  Thus,  in resolving a Rule 12(b)(1) or 12(b)(6) motion, the court must treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor.  *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 1149 (2004); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 1218 (2004); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.  In addition, the plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence.  *Felter v. Norton*, 412 F. Supp. 2d 118, 122 (D.D.C. 2006)(citation and quotation omitted).

In resolving a motion to dismiss for failure to state a claim, *pro se* complaints are held to

---

[3] Defendants' motion also raises the grounds of personal jurisdiction and insufficiency of process.  Because plaintiff has abandoned his individual liability claims against the named government officials, these issues need not be addressed.

"less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, *pro se* plaintiffs are not required to use specific legal terms or phrases, and are granted "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)(citing *Conley*, 355 U.S. at 45-46).

### I. STATUTORY BASIS FOR CLAIM

A citizen has the right to renounce his citizenship. *Koos v. Holms*, 204 F. Supp. 2d 1099, 1107 (W.D. Tenn. 2002). However, Congress has broad authority over the procedures and requirements which must be satisfied for an individual to renounce his nationality. *Id.* The statute applicable to plaintiff's claim, 8 U.S.C. § 1481(a)(6), provides that:

> (a) A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States Nationality -- ...

> (6) making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense ....

The statute requires that (1) plaintiff submit a formal written renunciation request to the Attorney General or his designee; (2) the United States be in a state of war; and (3) the Attorney General find that granting plaintiff's request is not contrary to the interests of national defense. The complaint states that plaintiff sent several letters to the Attorney General and the Department of Justice requesting that he be permitted to renounce his citizenship pursuant to 8 U.S.C. § 1481(a)(6). *See* Compl., ¶¶ 20, 28, 31, 36. Plaintiff alleges that he received a letter from the DOJ stating that the agency did not have jurisdiction over "citizenship matters." *See id.*, ¶ 34. Thus, plaintiff attempted to satisfy the first element of the statute, but was prevented from doing

4

so by the DOJ.  For purposes of this motion, plaintiff has shown that he made a renunciation

request to the Attorney General.

Plaintiff has also alleged that the United States is currently in a "state of war" in Iraq.  *See*

Compl., 15.  Even though Congress has not declared war, this opinion will take as a given that

the United States is in a "state of war" in the Middle East.  *See Qualls v. Rumsfeld*, 357 F. Supp.

2d 274, 284 (D.D.C. 2005).  Thus, the complaint sets forth all the conditions for renunciation

with the exception of the Attorney General's finding that granting plaintiff's request would not

be "contrary to the interests of national defense."   The remaining question, therefore, is whether,

under the statute, the Attorney General's action is mandatory or discretionary.

II.  MANDAMUS

Title 28, Section 1361 provides that "[t]he district courts shall have original jurisdiction

of any action in the nature of mandamus to compel an officer or employee of the United States or

any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus is an

extraordinary remedy to be utilized only under exceptional circumstances.  *Cheney v. United*

*States District Court for the District of Columbia*, 542 U.S. 367, 380 (2004)(citations and

quotations omitted); *Chaplaincy of Full Gospel Churches v. Johnson*, 276 F. Supp. 2d 82, 83

(D.D.C. 2003)(citing *Haneke v. Sec'y of Health, Educ. & Welfare*, 535 F.2d 1291, 1296 (D.C.

Cir. 1976)), *cert. denied*, 543 U.S. 1152 (2005).  In order to obtain mandamus relief, three

conditions must be satisfied: (1) plaintiff has no other adequate means to obtain the remedy he

seeks; (2) plaintiff has the burden of showing that his right to the writ is "clear and indisputable";

and (3) even if the first two requirements are met, the issuing court must be satisfied that the writ

is appropriate under the circumstance.  *Cheney*, 542 U.S. at 381.  The plaintiff bears a heavy

5

burden of showing that his right to a writ of mandamus is "clear and indisputable." *Chaplaincy of Full Gospel Churches*, 276 F. Supp. 2d at 84. The failure to meet these requirement for mandamus relief deprives the court of jurisdiction. *Swann v. Clinton*, 100 F.3d 973, 977 n. 1 (D.C. Cir. 1996); *Nat'l Res. Def. Counsel v. Johnson*, 2006 WL 556214, at *8 (D.D.C. March 8, 2006).

In order for the right to mandamus relief to be clear and indisputable, the public official must have a duty to act. *Weber v. United States*, 209 F.3d 756, 760 (D.C. Cir. 2000); *Carson v. U.S. Office of Special Counsel*, 2006 WL 785292, at *3 (D.D.C. March 27, 2006); *Garcia v. Dep't of Justice*, 2005 WL 3273720, at 2 (D.D.C. Aug. 31, 2005). Determining if a defendant has a duty to act depends on whether the nature of the duty at issue is ministerial or discretionary. Mandamus is available only where "the duty to be performed is ministerial and the obligation to act peremptory and clearly defined." *13th Reg'l Corp. v. Dep't of the Interior*, 654 F.2d 758, 760 (D.C. Cir. 1980). A ministerial duty is one that admits of no discretion, so that the official has no authority to determine whether to perform the duty. *Swann*, 100 F.3d at 977. The courts do not have authority under the mandamus statute to order *any* government official to perform a discretionary duty. *Id.*

Plaintiff contends that once he submitted his request to renounce his citizenship, the Attorney General had the duty to grant the request. The statute, however, requires more. In addition to the plaintiff's request, the statute requires that the United States be in a state of war, and that the Attorney General find that granting the renunciation request is not contrary to the interests of national defense. The meaning of these statutory phrases is a matter of interpretation and plainly within the discretion of the Attorney General. Where an alleged "duty is not ...

6

plainly prescribed, but depends on a statute or statutes the construction or application of which is not free from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus." *Consol. Edison Co. of N.Y., Inc. v. Ashcroft*, 286 F.3d 600, 605 (D.C. Cir.)(quoting *Wilbur v. United States*, 281 U.S. 206, 218-19 (1930)), *cert. denied*, 537 U.S. 1029 (2002). For this reason, plaintiff's right to mandamus relief is not clear and indisputable and the petition will be denied.

III. SOVEREIGN IMMUNITY

Plaintiff alleges that the Attorney General's failure to grant his renunciation of citizenship request violated his constitutional rights. *See* Compl., ¶ 3. In addition to the mandamus statute, plaintiff asserts as jurisdictional bases for his claim 28 U.S.C. §§ 1331 (federal questions), 1343 (civil rights), and 1346 (United States as defendant). *Id.*, ¶ 4. Defendants contend plaintiff's claim under the civil rights statute is barred by sovereign immunity, that the federal question statute does not waive sovereign immunity, and that 28 U.S.C. § 1346 is not applicable to this case.

The United States is immune from suit absent its explicit consent to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *Kugel v. United States*, 947 F.2d 1504, 1506 (D.C. Cir. 1991). Sovereign immunity bars all suits against the United States and federal employees in their official capacities, except where there has been a statutory waiver of immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). A waiver of "sovereign immunity must be unequivocally expressed in statutory text" and is "strictly construed, in terms of its scope, in favor of the sovereign." *El-Shifa Pharm. Indus. Co. v. United States*, 402 F. Supp. 2d 267, 270 (D.D.C. 2005)(quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

7

The federal question jurisdiction statute, 28 U.S.C. § 1331, provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This statute does not constitute a waiver of sovereign immunity. *Swan*, 100 F.3d at 981; *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1385 (D.C. Cir. 1989); *Cobell v. Babbitt*, 30 F. Supp. 2d 24, 39 n. 15 (D.D.C. 1998). Plaintiff's reliance on 28 U.S.C. § 1343 for jurisdiction is equally misplaced. That statute, which grants the federal district courts jurisdiction over civil rights actions, does not act as a waiver of the sovereign immunity of the United States. *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *Salazar v. Heckler*, 787 F.2d 527, 528-29 (10th Cir. 1986); *Zhu v. United States*, 2005 WL 1378914, at *1 (D.D.C. June 9, 2005); *Byrd v. Smith*, 693 F. Supp. 1199, 1201 (D.D.C. 1986).

Plaintiff also cites 28 U.S.C. § 1346 as a basis for jurisdiction. The Tucker Act vests in the Court of Federal Claims original jurisdiction over civil actions against the United States "founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Federal district courts, in comparison, have concurrent jurisdiction over civil actions of this nature, as long as the claim does not exceed $10,000 in amount. *See* 28 U.S.C. § 1346(a)(2) ("Little Tucker Act").

In reviewing a claim brought pursuant to the Little Tucker Act, the first determination to be made is whether a plaintiff seeks monetary relief. *Vietnam Veterans of America v. Secretary of the Navy*, 843 F.2d 528, 534 (D.C. Cir. 1988); *Tootle v. Sec'y of Navy*, 2006 WL 1192865, at *8 (D.D.C. May 5, 2006). A claim is not for monetary relief "merely because its success may

8

lead to pecuniary costs for the government or benefits for the plaintiff." *Vietnam Veterans of America*, 843 F.2d at 534; *see also Wolfe v. Marsh*, 846 F.2d 782, 784 n.2 (D.C. Cir. 1988) ("[I]t is an extremely rare plaintiff who has trouble asking for money, if that is what he wants."), *cert. denied*, 488 U.S. 942 (1988). The District of Columbia Circuit's "brightline" rule on this issue is that a plaintiff in his complaint explicitly must demand monetary relief in order to invoke the Little Tucker Act, and, thus, to bring the action in a federal district court. *Id.* at 785.

In his complaint, plaintiff requested money damages against the Attorney General in the amount of $1500.00. *See* Compl., p. 9. However, in his response to defendants' motion to dismiss, plaintiff withdrew his request for monetary relief. Plaintiff's Response to Defendants' Motion to Dismiss, p. 4. The Little Tucker Act, therefore, does not provide a basis for jurisdiction over this action.

IV. ADMINISTRATIVE PROCEDURE ACT

In his opposition to defendants' motion to dismiss, plaintiff for the first time cites the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.,* as a basis for his complaint. In evaluating a motion to dismiss, a *pro se* complaint should be liberally construed. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004). A *pro se* plaintiff's cause of action may be discerned by reviewing the complaint itself and other papers filed by the plaintiff, including a response to a motion to dismiss. *Id.* at 38. Plaintiff's reference to the APA will be considered, therefore, as an attempt by plaintiff to amend the complaint, and his APA claim will be addressed on the merits.

The APA provides that "[a] person suffering legal wrong because of agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. An

individual is only entitled to judicial review of a "final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704.  Although the APA has a presumption of judicial review, it can be rebutted by a showing that (1) "statutes preclude judicial review" or (2) "agency action is committed to agency discretion by law." *Corel Corp. v. United States*, 165 F. Supp. 2d 12, 28 (D.D.C. 2001)(quoting *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1513 (D.C. Cir. 1989) and 5 U.S.C. § 701(a)(1)-(2)).

Plaintiff alleges that the Attorney General has violated the APA by not acting on his application to renounce his citizenship pursuant to 8 U.S.C. § 1481(a)(6).  *See* Pl.'s Resp. to Defts' Mot. to Dismiss, pp. 7-8.  Although there has been no "final agency action," as plaintiff concedes, judicial review of an agency's failure to act is available under the APA.  *See* 5 U.S.C. § 706(1); *see also Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004).  In the event of inaction by the agency, the court may review inaction if the agency has violated a statutory deadline or otherwise fails "to take a *discrete* agency action that it is *required to take*. *Id.* at 63-64 (emphasis in original).  Thus, this judicial authority is limited to directing an agency to "perform a ministerial or non-discretionary act ...." *Sandoz, Inc. v. Leavitt*, 2006 WL 909971, at *4 (D.D.C. April 10, 2006)(quoting *Norton*, 542 U.S. at 64).

As is stated above, 8 U.S.C. § 1481(a)(6) imposes no duty on the Attorney General to approve an individual's application to renounce citizenship.  Moreover, there is no statutory deadline that  requires the Attorney General to make a decision within a specific time frame.  The statute also provides that the Attorney General *may* prescribe the form which an application may take.  Once the application is submitted, the Attorney General then must still decide whether granting relief is in the "interests of national defense."  These factors demonstrate the

10

discretionary nature of the agency's action.  Plaintiff is precluded from obtaining judicial review

under the APA.

<u>CONCLUSION</u>

For the foregoing reasons, the defendants' motion to dismiss will be granted.   A separate

order accompanies this Memorandum Opinion.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge


DATE: 6/16/06

11