RECEIVED
JUL 28 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court

for the District of Columbia

James Kaufman,

        Plaintiff,

-vs-

                                    Case No. 05-CV-1631-RWR

Alberto R. Gonzalez, et al.,

        Defendants

## Notice of Appeal

James Kaufman, plaintiff pro se, hereby appeals from this Court's Opinion and Order, dated June 16, 2006 (but was not received by Kaufman until July 17, 2006, with no postmark on the envelope), in which the court granted the defendants' motion to dismiss this action, on the basis that the defendants' actions were discretionary in nature, and that the defendants were entitled to sovereign immunity. The decisions were not discretionary, and sovereign immunity was waived by statute.

Dated this 17th day of July, 2006.

Submitted,

James Kaufman

James Kaufman #351960

PO Box 233

Black River Falls, WI 54615

July 17, 2006

Re: Kaufman v. Gonzalez, et al.,
  Case No. 05-CV-1631-RWR

Dear Clerk -

I am very disappointed in the actions of this court. First of all, the court issued its dismissal order on June 16, 2006, yet your office waited a full month before bothering to mail me a copy of that decision, which I received today. I do not know the reason for your delay, but it was very unprofessional.

Second, the court's decision is faulty. As I discussed in prior submissions, the sovereign immunity was waived under the APA. That immunity waiver is <u>not</u> limited to claims presented under the APA, but also applies to claims brought under other statutes, such as §1331 and §1343. So, the court's assertion that immunity has not been waived is in error. As to the assertion that the defendants' decision was discretionary, that is also in error. 8 USC § 1481(a)(6) clearly states that the Attorney General "shall approve such renunciation." I am not arguing that defendant Gonzalez had a duty to approve my renunciation - such a

(1)

(2)

decision would indeed be discretionary, provided Gonzalez could find some plausible excuse to claim that I am a threat to national security. However, the statute clearly and unambiguously places a <u>duty</u> upon the Attorney General to make <u>a</u> <u>decision</u>, one way or another. Instead, the defendants refused to decide, asserting they had no jurisdiction under the statute. The Attorney General had a duty to make the determination as to whether my request was contrary to security interests. These are issues I intend to present on appeal.

    Lastly, the court focused on the mandamus issue, but this was a two-part action. Certainly mandamus was the first part, <u>but</u> the issue did not end there. I also requested further review and relief (<u>not</u> a mandamus request) for violation of my constitutional <u>and</u> <u>international</u> law rights. As stated above, the APA waives immunity for actions brought under § 1331 and § 1343.

    Please find enclosed my Notice of Appeal and Statement on Transcript. Please forward to me any other forms or documents necessary to proceed with this appeal.

*James Kauf* (signature)

Copy sent simultaneously to defendants' counsel, Heather Graham-Oliver.

LE__ 351960

<u>Proof of Service</u>

James J. Kaufman, pro se, states that on this 17th day of July, 2006, copies of the following -

① Notice of Appeal
② Statement on Transcript

were mailed by First-Class mail to the following -

① Heather Graham-Oliver, U.S. Dept. of Justice, 555 Fourth, NW, Washington DC 20530
② Nancy Mayer-Whittington, clerk, US District Court, 333 Constitution Ave, NW, Washington DC 20001

Dated this 17th day of July, 2006.

*James Kauf* (signature)

LEGF: 351960