James J. Kaufman
728 Second Avenue
Eau Claire, WI 54703


October 20, 2008



Director
U.S. Citizenship & Immigration Services
425 Eye Street, NW, 2nd Floor
ULLICO Building
Washington, DC 20536


RE:   Renunciation of Citizenship, 8 U.S.C. § 1481(a)(6)


Dear USCIS:


    Please find enclosed a copy of a letter which I sent to your office on September 8, 2008. I sent identical copies of the letter to USCIS offices in Milwaukee, Wisconsin, and Bloomington, Minnesota, as well as to Attorney General Michael B. Mukasey.

    As of this date, I have not yet received a response from any office. This is not a request that you may ignore, or delay. I expect a prompt response, and if I do not receive a response, or if you do not grant my request, I will be seeking relief from the courts.


Sincerely,

*[signature]*

James J. Kaufman



Sent by certified mail, article #7002-2030-0002-6721-5867
cc:   Attorney General Michael B. Mukasey
      file

COPY

James Jonathan Kaufman
Name

728 2nd Avenue
Address

Eau Claire, WI 54703
City, State, Zip


September 8, 2008
Date


Director
U.S. Citizenship & Immigration Services
425 Eye Street, NW, 2nd Floor
ULLICO Building
Washington, DC 20536


RE:   Voluntary Renunciation of Citizenship
      8 U.S.C. § 1481(a)(6)

Dear USCIS:

    I am a citizen of the United States, by virtue of my birth in the United States, and am writing to your office in order to renounce my United States citizenship, pursuant to section 349 of the Immigration and Nationality Act.

    Specifically, I am seeking to renounce my citizenship pursuant to 8 U.S.C. § 1481(a)(6), which provides for renunciation of American citizenship, while still in the United States, during a time of war. The Act provides that a citizen shall lose his citizenship by making a written renunciation request to the Attorney General "whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense."

    There is no requirement that I leave the United States in order to accomplish my goal. The statute requires a citizen to make such requests "in the United States ..." and under 8 U.S.C. § 1483(a), the loss of citizenship under 8 U.S.C. § 1481(a)(6) becomes effective immediately, within the United States, and does not require me to travel to a foreign country first. (The statute, 8 U.S.C. § 1483(a), specifically exempts § 1481(a)(6) from the requirement that a renunciation must occur on foreign soil.)

    I understand the Department of State position, that if statelessness would result from a renunciation, but the person intends to remain in the United States, there is no "intent" to renounce that citizenship. *Santucci v. U.S. Dept. of State*, 2005 U.S. Dist. LEXIS 29028 (USDC AZ 11/21/05). I must inform you that it is not my intent to remain in the United States, and that I intend to leave at the earliest available legal opportunity. Until such time as I do leave, however, I will be a resident alien and a stateless person, subject to all applicable laws and regulations governing such individuals.

    You may attempt to assert that the statute is not operable, that the United States is not currently in a state of war. Such an assertion would be incorrect. In September 2001, Congress passed the Authorization for Use of Military Force, 107 Pub.L. 40 § 2(a), 115 Stat. 224 (2001); see *Hamdi v. Rumsfeld*, 542 U.S. 507, 124 S.Ct. 2633, 2635 (2004). In October 2002, Congress passed the Authorization for Use of Military Force Against Iraq Resolution of 2002), 116 Stat. 1498 (2002); see *Doe v. Bush*, 323 F.3d 133, 134 (1st Cir. 2003). Please also see *Qualls v. Rumsfeld*, 357 F.Supp.2d 274, 284 (D.D.C. 2005). If this were not enough, the armed forces of the United States attacked and invaded the nations of Afghanistan and Iraq, including the much-touted "shock and awe" campaign over Baghdad in March 2003. This hostile action has continued to this day. In addition, the statute does not make any mention of a declared war, but only speaks of a "state of war," that is, armed conflict. Therefore, the state of war element in the statute is satisfied.

You may also attempt to assert that you do not have jurisdiction over my request, since the statute refers specifically to the Attorney General. However, the Attorney General delegated this responsibility to the Immigration and Naturalization Service (INS). 8 C.F.R. § 100.2 (1994). The INS was abolished by the Homeland Security Act of 2002, 6 U.S.C. § 291(a), and all adjudications previously performed by the INS were transferred to the USCIS. 6 U.S.C. § 271(b)(5). See, generally, Homeland Security Act of 2002, Pub.L. 107-296, 116 Stat. 2135 (Nov. 25, 2002), codified at 6 U.S.C. § 101, et seq. As such, you do have jurisdiction over my request.

Lastly, you may attempt to assert that my request is not in the proper "form." However, see the Department of Justice Office of Legal Counsel opinion which states, "no regulation for accepting a formal renunciation within the United States pursuant to this provision ... is necessary," as the requisite form may be produced at the time a citizen seeks to exercise that right. John C. Yoo, *Survey of the Law of Expatriation, Memorandum Opinion for the Solicitor General*, n. 9 (June 12, 2002), available at http://www.usdoj.gov/olc/expatriation.htm. In addition, note that as recently as March 2007, a citizen was allowed to renounce his citizenship, while in the United States, even though there had been no form prescribed, nor officer designated. See *United States v. Cabrera-Rojas*, No. CR-06-248, 2007 WL 778181, at *2 (D. Idaho, March 13, 2007), cited by *Kaufman v. Mukasey*, 524 F.3d 1334 (D.C. Cir. 2008). In *Kaufman*, the Court noted there is nothing to suggest that, by authorizing the Attorney General (or USCIS) to prescribe a form and designate an officer to receive such requests, that Congress intended to make these actions preconditions to the operability of the statute, rather than matters of administrative convenience. Since no official form has been prescribed, this letter informing you of my request is sufficient.

With this request, I have satisfied my side of the elements of the statute: making a formal written request for renunciation to your office, during a state of war. Now you must comply with the remaining element: making a decision whether or not my request is contrary to the interests of the national defense. Making this decision is not discretionary; a decision must be made, by law, either yea or nay. This is not a request that you may ignore, nor can you legally pass it off onto another agency. You may not decline my request unless you are able to prove, with sufficient evidence, that I am a "threat" to the national defense. Absent significant proof of such, you must approve my loss of citizenship.

While the statute does not provide a specific time frame in which you must make a decision, I expect to receive a decision from your office in a timely and reasonable manner. I look forward to your response.

Sincerely,

James J. Kaufman

Subscribed and sworn to before me on
this 9 day of September, 2008
_____
Notary Public
My commission expires 3/_/2010

cc: file;
Attorney General
U.S. Dept. of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001