# EXHIBIT 1
# TO DEFENDANTS' STATUS REPORT AND PROPOSED BRIEFING SCHEDULE

U.S. Department of Homeland Security
Domestic Operations Directorate
20 Massachusetts Avenue, NW
Washington, DC 20529 - 2110



U.S. Citizenship
and Immigration
Services

JAN 27 2009

James Jonathan Kaufman
Eau Claire County Jail
728 Second Avenue, No. 351960
Eau Claire, WI 54703

Dear Mr. Kaufmann:

We are in receipt of your letter of September 8, 2008, and other letters, wherein you request to renounce your U.S. citizenship, pursuant to section 349 of the Immigration and Nationality Act (INA).

Specifically, you seek to renounce your citizenship under section 349(a)(6) of the INA, which provides for renunciation of U.S. citizenship by "making in the United States a formal written renunciation of nationality . . . whenever the United States shall be in a state of war" and the renunciation shall be approved as not contrary to the interests of national defense. Because section 349(a)(6) of the INA is not currently effective, your request is denied.

Section 349(a)(6) of the INA is not available as a vehicle for renunciation of United States citizenship because the United States is not currently in a "state of war" as that term is used in the INA. For purposes of section 349(a)(6) of the INA, the term "state of war" means a congressionally declared state of war.

Prior to the enactment of the Immigration and Nationality Act in 1952, the renunciation provisions were governed by the Nationality Act of 1940, 54 Stat. 1137 (October 14, 1940). Initially, while the Nationality Act of 1940 did contain provisions for renunciation of citizenship, it did not contain a renunciation provision similar to INA 349(a)(6) for voluntary renunciation within the United States whenever the country was in a state of war. However, in 1944, the Nationality Act was amended to include such a renunciation provision. Act of July 1, 1944, 58 Stat. 677 (adding the predecessor to section 349(a)(6) of the INA, as subsection (i) of section 401 of the Nationality Act of 1940). At the time of enactment of the renunciation provision, the United States was in a congressionally declared state of war. See S.J. Res 116, 55 Stat. 795, December 8, 1941 (declaring that a "state of war" existed with Japan); S.J. Res 119, 55 Stat. 796, December 11, 1941 (declaring that a "state of war" existed with Germany); and S.J. Res 120, 55 Stat. 797, December 11, 1941 (declaring that a "state of war" existed with Italy. In fact, the declarations of war all specifically used the term "state of war." Id. "A fundamental cannon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." Perrin v. U.S., 444 U.S. 37, 42 (1979). Accordingly, because the precursor to section 349(a)(6) of the INA used a specific term ("state of war") that was used by Congress to declare war, section 349(a)(6) of the INA requires a congressional declaration of war in order for that provision to take effect.

J. Kaufman Letter
Page 2

In addition, the current structure of the INA also demonstrates that the term "state of war" in section 349(a)(6) of the INA requires a congressional declaration of war. The current version of the INA not only includes section 349(a)(6), specifically requiring a "state of war," it also includes, for example, another provision providing for the naturalization of members of the military who served on active duty during periods of "hostility" or "armed conflict" that can be declared by the President. See e.g., INA § 329. Therefore, "state of war" cannot mean anything short of a congressional declaration of war when the same statute also uses other terms to encompass conflicts that fall short of a formal declaration of a state of war. See Duncan v. Walker, 533 U.S. 167, (2001) (stating that it is the Court's "duty to give effect, if possible, to every clause and word of a statute). Because Congress specifically included "state of war" in INA 349(a)(6), yet did not do so in other sections of the INA where other types of "hostilies" and "armed conflict" are clearly contemplated, section 349(a)(6) of the INA requires a congressionally declared state of war.

For these reasons, only a congressionally declared state of war will render section 349(a)(6) of the INA effective.

As you correctly note in your letter of September 8, 2008, Congress has authorized use of military force. See, e.g., Authorization for Use of Military Force Against Iraq Resolution of 2002, Pub. L. No. 107-243, 116 Stat. 1498 (2002); Authorization for Use of Military Force, Pub. L. No. 107-40, 115 Stat. 224 (2001). However, these authorizations for use of military force are not the equivalent of a congressional declaration of a state of war for purposes of section 349(a)(6) of the INA.

Because section 349(a)(6) of the INA is not currently effective, this office will not make any further determinations under that section with respect to your request, such as whether your attempted renunciation would be against the interest of national defense.

You may voluntarily renounce your United States citizenship by making a formal renunciation of nationality abroad before an officer of the United States as provided for in section 349(a)(5) of the INA. To obtain further information regarding renunciation of United States citizenship, you can visit the U.S. Department of State website at www.state.gov.

Sincerely,

Donald Neufeld,
Acting Associate Director
Domestic Operations