```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                           )
JAMES K. KAUFMAN,          )
                           )
         Plaintiff,        )
                           )
         v.                )   Civil Action No. 05-1631 (RWR)
                           )
ERIC H. HOLDER, JR., et al., )
                           )
         Defendants.       )
_____)
```

### ORDER

The defendants filed a cross-motion for summary judgment with respect to the issue of whether the Department of Homeland Security's response to plaintiff's request to renounce his United States nationality pursuant to 8 U.S.C. § 1481(a)(6) is statutorily permissible (the "second remand issue"). The plaintiff has already filed a response to the defendants' motion. However, because that motion could potentially dispose of a this case, the Court will allow the plaintiff additional time to supplement his response to the defendants' motion, with the benefit of this Order advising the plaintiff of his obligations under the Federal Rules of Civil Procedure and the rules of this Court.  See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988); Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

The plaintiff's attention is directed to Rule 56 of the Federal Rules of Civil Procedure, which relates to motions for summary judgment and states in pertinent part:

-2-

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

> (1) *In General.* A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) *Opposing Party's Obligation to Respond.* When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which provides as follows:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues

-3-

> setting forth all material facts as to which
> it is contended there exists a genuine issue
> necessary to be litigated, which shall
> include references to the parts of the record
> relied on to support the statement . . . .
> In determining a motion for summary judgment,
> the court may assume that facts identified by
> the moving party in its statement of material
> facts are admitted, unless such a fact is
> controverted in the statement of genuine
> issues filed in opposition to the motion.

Local Civil Rule 7(h).

In other words, the Court will accept as true any factual assertions contained in affidavits or attachments submitted by the defendants in support of a motion for summary judgment unless the plaintiff submits an affidavit or documentary evidence showing that the defendants' assertions are untrue.  See Neal, 963 F.2d at 456.  Accordingly, it is hereby

ORDERED that plaintiff may file a supplement to his response to defendants' motion for summary judgment no later than May 21, 2009.  If plaintiff does not file a supplement by that date, the Court will proceed on the basis of the submissions on the record.

Dated:  April 21, 2009.

                                                /s/
                                  RICHARD W. ROBERTS
                                  United States District Judge